IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID VIGIL,

    Plaintiff,

v.                                                                                   No. 1:22-cv-00450-JHR

STATE OF NEW MEXICO,

    Defendant.

### MEMORANDUM OPINION AND ORDER TO CURE DEFICIENCY AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed June 14, 2022, which names the State of New Mexico as the sole defendant and seeks a declaration that a patent granting land to Plaintiff's great grandfather includes water rights.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" which states jurisdiction is invoked pursuant 28 U.S.C. § 1343(3) (which provides jurisdiction to redress deprivations of civil rights) and 42 U.S.C. § 1983 (which provides remedy for deprivations of civil rights).  The form Complaint prompted Plaintiff to list other

statutes if Plaintiff wishes to assert jurisdiction under statutes other than 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983.  Plaintiff did not list any other statutes showing that this Court has jurisdiction over this matter.

Plaintiff has not alleged facts supporting jurisdiction over this action against the State of New Mexico.  "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).  There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity ... [or a] state may ... waive its Eleventh Amendment immunity and consent to be sued."  *Id.* at 1181.  Neither exception applies in this case.  "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983."  *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in his Complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case.

It appears the Court should dismiss this case because Complaint does not show that Court has jurisdiction over this matter.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction.  If Plaintiff asserts the Court should not dismiss this case, then Plaintiff must file an amended complaint alleging facts supporting jurisdiction over this action against the State of New Mexico.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case and file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**