IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID VIGIL,

    Plaintiff,

v.                                                                    No. 1:22-cv-00450-KG-JHR

STATE OF NEW MEXICO,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se,* filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 which named the State of New Mexico as the sole defendant and sought a declaration "that this patent [granting land to Plaintiff's great grandfather] includes water/mineral rights. *See* Doc. 1 at 2, filed June 14, 2022. Plaintiff attached the following documents to his Complaint: (i) a copy of the New Mexico statute regarding declarations of water rights vested prior to 1907; (ii) a completed New Mexico Office of the State Engineer form "Declaration of Ownership of Water Rights;" and (iii) a letter, dated November 4, 2015, to Plaintiff from Christina Noftsker, Water Rights Specialist, New Mexico Office of the State Engineer ("Noftsker Letter"). *See* Complaint at 8, 18-19. The Noftsker Letter notified Plaintiff that the Office of the State Engineer rejected Plaintiff's Declaration because the lands described in the Declaration are within the boundaries of the Santa Fe stream system adjudication, which is ongoing, and, consequently, "any claims to water rights within this area must be asserted in the Santa Fe adjudication, and not before the State Engineer." Noftsker Letter at 1.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff that as the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction and stated:

> Plaintiff has not alleged facts supporting jurisdiction over this action against the State of New Mexico. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity ... [or a] state may ... waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan*, 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in his Complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case.
>
> It appears the Court should dismiss this case because Complaint does not show that Court has jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Order to Show Cause at 1-2, Doc. 4, filed June 22, 2022. Judge Ritter order Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint alleging facts supporting jurisdiction over this action against the State of New Mexico.

> Plaintiff filed an Amended Complaint which states:
> 7.
> Since the pattent issued 1906 by federal government is prior to New Mexicos statehood (1912) the State cannot rule due to "ex post facto." Letter dated Nov 4, 2015 by water resource Specialist (Christina Noftsker) asserts file my claims with courts
> ....
> regarding federal jurisdiction ... The federal law can only apply because this is a federal (Pattent) document. The U.S. is a party because the President (Theodore Rosevelt) issued this pattent ... My only request is not to sue the State of New Mexico but simply rule that the pattent issued to my great grand father ... includ[es] mineral and water rights.

[sic] Amended Complaint at 1-3, Doc. 5, filed June 29, 2022.

2

Plaintiff seeks only a declaratory judgment; he does not assert claims seeking damages. The Declaratory Judgment Act, 28 U.S.C. § 2201, "allow[s] prospective defendants to sue to establish their nonliability." *Beacon Theatres, Inc. v. Westover*, 359 US 500, 504 (1959).

> District courts have original federal question jurisdiction over complaints that contain a claim that arises under federal law. In actions for declaratory judgment, however, the position of the parties is often reversed: the plaintiff asserts a defense to an anticipated action by the declaratory judgment defendant. It is the character of the impending action, not the plaintiff's defense, that determines whether there is federal question jurisdiction. Thus, federal question jurisdiction exists in a declaratory judgment action if the potential suit by the declaratory judgment defendant would arise under federal law.

*Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996).

The Amended Complaint does not allege facts supporting jurisdiction. The Amended Complaint contains no allegations that Plaintiff anticipates a potential suit by the United States arising under federal law.

Furthermore, Plaintiff has not shown that the Court should exercise its discretion and entertain Plaintiff's requests for a declaratory judgment that the patent includes water and mineral rights.

> Whether a district court has discretion to entertain a suit for declaratory judgment does not depend solely on the jurisdictional basis of the suit. As the Supreme Court stated in *Wilton*, "district courts possess discretion in determining whether ... to entertain an action under the Declaratory Judgment Act, *even when the suit otherwise satisfies subject matter jurisdictional prerequisites.*" 515 U.S. at 282, 115 S.Ct. 2137 (emphasis added). This is because the Declaratory Judgment Act itself is "an enabling Act, which confers a discretion on the courts," regardless of the jurisdictional bases upon which the suit is brought. *Id.* at 287, 115 S.Ct. 2137 (quotation omitted).

*United States v. City of Las Cruces*, 289 F.3d 1170, 1180-81 (10th Cir. 2002); 28 U.S.C. § 2201(a) (The Declaratory Judgment Act states district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added). In determining whether to accept jurisdiction in a declaratory judgment action, the Court should ask:

3

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). Although Plaintiff has not indicated any controversy with the United States that the requested declaratory judgment would settle, it appears that he may be seeking the declaratory judgment to establish a water right in the Santa Fe stream system. A declaratory judgment by this Court regarding a water right which is located within the boundaries of the ongoing Santa Fe stream system adjudication in state court would encroach on the New Mexico state court's jurisdiction in determining water rights in the Santa Fe stream system. *See* N.M. Stat. Ann. § 72-4-18 ("Upon the adjudication of the rights to the use of the waters of a stream system ... [the]decree shall in every case declare, as to the water right adjudged to each party, the priority, amount, purpose, periods and place of use ... with other conditions as may be necessary to define the right and its priority"). Plaintiff mischaracterizes the state court's authority when he states "[s]ince the pattent [sic] issued 1906 by federal government is prior to New Mexico[']s statehood (1912) the state cannot rule due to 'ex post facto.'" Amended Complaint at 1. The state court presiding over the Santa Fe stream system adjudication has the authority to determine any water right arising from the federal patent granting land to Plaintiff's great grandfather. *See United States v. Ballard*, 184 F.Supp. 1, 12 (D.N.M. 1960) ("The provisions of the New Mexico Constitution, statutory law of New Mexico and the case law of the Federal, Territorial and the State Courts of New Mexico ... govern the acquisition of Water Rights of all the parties, including the Government of the United States, the State Game Commission of the State of New Mexico, and the individual defendants joined herein"). Consequently, the state court

presiding over the Santa Fe stream system adjudication is a better alternative for resolving Plaintiff's water right issue.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.").

Because it is dismissing this case for lack of subject-matter jurisdiction, the Court denies Plaintiff's Application to proceed in District Court without prepaying fees as moot.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed June 14, 2022, is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE